DEBORAH M. SMITH
Acting United States Attorney

DAVID A. NESBETT
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-6306
Fax: (907) 271-1500
E-mail: david.nesbett@usdoj.gov
Alaska Bar # 9811075

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:05-cr-0079-(JKS) |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S |
| | ) | SENTENCING |
| vs. | ) | MEMORANDUM |
| | ) | |
| JOSHUA A. HILER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW the United States Attorney's Office, by and through counsel, and respectfully submits this Sentencing Memorandum regarding the defendant, JOSHUA A. HILER, who is scheduled to be sentenced on May 8, 2006.  For the reasons provided below, the government concurs with the recommendations made

by the final presentence report and, pursuant to the Rule 11(c)(1)(C) plea agreement, recommends a sentence of **210 months**.

I.   BACKGROUND

On August 23, 2005, the defendant pled guilty to the one count Information charging Mr. Hiler with Conspiracy to Tamper with a Witness. During his plea colloquy, the defendant admitted that he knowingly conspired with a person to prevent the attendance or testimony of another person in a federal grand jury investigation by having that person killed.

II.   SENTENCING CALCULATION

   A.   Statutory Maximum Sentence

The maximum sentence that may be imposed on defendant is twenty (20) years imprisonment, a $250,000 fine, three (3) years supervised release and a $100 special assessment.

   B.   Sentencing Guidelines Calculation

As noted in the Second Addendum to the Second Revised Presentence Report ("PSR"), the United States has not submitted any unresolved objections to the presentence report and the defendant's objections have been addressed. The defendant's total offense level calculated in the PSR is **34** with a criminal history category of **IV**, resulting in an advisory sentencing range of **210 – 262 months**.

However, since the statutory maximum term of imprisonment is 20 years, the Guideline range of imprisonment is **210 – 240 months**.

    C.    <u>Criminal History Category IV Is Appropriate</u>

The defendant objects to the criminal history category recommendation by the presentence report arguing that a criminal history category IV over-represents the seriousness of his criminal history because driving offenses account for 4 points.

Criminal history category IV is appropriate for this defendant. First, the defendant was sentenced to 180 days with 160 days suspended for a total of 20 days in custody for a reckless driving conviction in 2004. A 20 day sentence for a person's first reckless driving conviction is a significant amount of time in light of the fact that most first time reckless driving convictions result in an all suspended jail time sentence. In other words, for a driving offense this conviction represents more serious criminal conduct than simply a conviction for driving without insurance or driving with a suspended license.

Second, criminal history category IV adequately accounts for the defendant's high risk of recidivism. <u>See</u> U.S.S.G. § 4A1.3, application note 3. As a juvenile, the defendant had no less than 5 contacts with law enforcement for crimes ranging from theft in the second and third degrees, criminal trespass, assault

in the fourth degree and sexual assault in the second degree. In three years as an adult, the defendant was convicted of theft in the third degree, violation of conditions of release and reckless driving. Moreover, the defendant had been released from jail less than a year before committing the instant, extremely serious offense. A criminal history category IV is appropriate and does not over-represent the defendant's criminal history.

III.    GOVERNMENT'S SENTENCING RECOMMENDATION

The government recommends, pursuant to the Rule 11(c)(1)(C) plea agreement that the court impose a sentence of 210 months. With an offense level of **34** and a criminal history category of **IV**, the defendant falls within the sentencing range of **210 – 240 months**. The 210 month sentence, a sentence within the guideline range, is presumptively reasonable and accommodates the Congressional purpose, affirmed by the Supreme Court, of obtaining fair sentences which are uniform to the extent possible. Further, such a sentence would recognize the seriousness of defendant's offense conduct, afford adequate deterrence to future criminal conduct and, meanwhile, protect the public from further crimes of the defendant.

Based on the foregoing, therefore, the government recommends that the defendant be sentenced as follows:

(1) **210 months in custody**;

(2) **No fine is requested** due to the defendant's inability to pay;

(4) **A three (3) year period of supervised release,** and

(5) **A special assessment in the amount of $100.00** is, of course, required.

RESPECTFULLY SUBMITTED this 28th day of April, 2006 at Anchorage, Alaska

DEBORAH M. SMITH
Acting United States Attorney

s/ David A. Nesbett
Special Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-6306
Fax: (907) 271-1500
E-mail: david.nesbett@usdoj.gov
Alaska Bar # 9811075

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2006, a copy of the foregoing was served electronically on Mark A. Rosenbaum.

s/ David A. Nesbett