Colleen A. Libbey
LIBBEY LAW OFFICES, LLC
604 W. Second Avenue
Anchorage, AK 99501
(907) 258-1815
(907) 258-1822 Fax
clibbey@alaska.net

Attorney for Defendant
JOSHUA HILER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| United States of America,                Respondent/Plaintiff,         v.    JOSHUA A. HILER,                Petitioner/Defendant. | **AMENDED § 2255 MOTION**    No. 3:05-CR-0079-JKS |

Comes now Petitioner/Defendant Joshua A. Hiler, by and through counsel, Colleen Libbey, Libbey Law Offices, LLC, and files this amended motion under 28 U.S.C. § 2255. Mr. Hiler seeks a re-sentencing, as he was deprived effective assistance of counsel at his sentencing.

**Custody Status**

Mr. Hiler is currently in prison under the supervision of the U.S. Bureau of Prisons, at USP Victorville, Delantao, CA.

Mr. Hiler's prisoner number is 150 38-006.

**MOTION FOR RELIEF**[1]

1.  The U.S. District Court of the District Court of Alaska is the location of the court that entered judgment of conviction, at case no. 3:05-cr-79-JKS.

2.  Judgment was entered on June 22, 2006.

3.  Sentencing occurred on June 19, 2006.

4.  Judgement was entered as to 1 count, Conspiracy to Tamper with a Witness in violation of 18 U.S.C. § 1512(k).

5.  The Defendant pled guilty to the charge of Conspiracy to tamper with witness.

6.  The following charges set forth in the indictment were dismissed: Counts 1-2, 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii); Count 3, 18 U.S.C. § 924(c)(1)(A); Count 4, 26 U.S.C. § 5845(a)(2) and 5861(c); Count 5, 18 U.S.C. § 1512(a)(1)(A).

7.  The defendant did not go to trial.

8.  The defendant did not testify at any hearing.

9.  The defendant did not appeal the judgment.

10. Other than his § 2255 motion, the defendant has not filed any other motions, petition, or applications

---

[1] The motion section is in substantial compliance with the form provided by the federal rules. *See* § 2255 Rule 2(c).

concerning this judgment of conviction.

11. Mr. Hiler was denied the right to effective assistance of counsel at sentencing, as guaranteed by the Sixth Amendment of the U.S. Constitution.

12. In the Pre-sentence Report (PSR), the investigator recommended a sentence of 210 to 240 months based on a Criminal History category of IV and an offense level of 34.

13. Mr. Hiler was sentenced to 210 months.

14. The court adopted the PSR findings, except as stipulated by the parties.

**GROUNDS FOR RELIEF**

    **A. Ineffective in Failing to Object to Criminal History Items**

15. Mr. Hiler's attorney was ineffective in failing to object on proper grounds to a number of criminal history items in the pre-sentence report, each noted below. This failure to object prejudiced Mr. Hiler at sentencing.

16. Mr. Hiler's attorney should have objected to use of a 10/13/1999 juvenile offense. There is no indication there is a guilt finding, as such the prior sentence cannot be used. *See* U.S.S.G. § 4A1.2(a)(1).

17. Mr. Hiler's attorney should have properly objected to use of a reckless driving conviction and use of a violation of conditions of release conviction.

18. Use of a reckless driving conviction under U.S.S.G. § 4A1.2(c)(1) was not permissible because it was a local ordinance violation and the term of imprisonment for reckless driving was less than thirty days; the defendant only served 20 days for the reckless driving offense.

19. Use of the violation of conditions of release conviction was not permissible because it was a local ordinance violation. *See* U.S.S.G. § 4A1.2(c)(1).

20. Use of a juvenile conviction from 6/9/2000 for sexual assault in the second degree was not permissible because a minimum sentence of 60 days had not been imposed. *See* U.S.S.G. § 4A1.2(d)(2)(A).

21. The use of 2 additional history points based on a finding that the defendant was on probation for a March 3, 2003 case was improper because the probation for the March 3, 2003 case was no longer in place at the time of the instant offense, for the March 3, 2003 case resulted in a probation termination in June of 2004 when suspended imposition of sentence was granted.

    **B.    Ineffective in Failing to Move for a Downward Departure.**

22. Mr. Hiler's attorney was ineffective in failing to move for a downward departure based on U.S.S.G. § 4A1.3(c); this failure to move for a downward departure prejudiced Mr. Hiler at sentencing.

23. Mr. Hiler's criminal history consisted of prior juvenile convictions and offenses committed while age 21 or under, and also consisted of convictions set aside. The nature of the offenses and the defendant's age, among other factors, formed the basis for a downward departure under U.S.S.G. § 4A1.3(c), but Hiler's attorney failed to move for such a depature.

24. Hiler's attorney should have been aware that he could move for departure under § 4A1.3 grounds.

25. If Mr. Hiler's attorney was in any way barred from moving for a departure based on the plea agreement the parties agreed to, then Mr. Hiler's attorney was ineffective in failing to adequately move to withdraw the plea.

    **C. Ineffective Regarding Withdraw of Plea**

26. Mr. Hiler's attorney made a verbal request to withdraw the plea on 6/19/2006. The motion was denied and the

     court advised the Hiler could file a written motion to reconsider withdraw of the plea.

27. Counsel never filed a written motion to withdraw the plea.

28. Counsel's failure to file a written motion and failure to properly argue orally, explaining the fair and just reasons to withdraw the plea under Criminal Rule 11, was ineffective assistance of counsel.

29. Counsel's ineffectiveness by inadequately moving to withdraw Hiler's plea prejudiced Hiler.

**PROCEDURAL ITEMS**

30. Hiler has not previously presented the above grounds in federal court because the above information was previously not known by Hiler, and in the exercise of due diligence, could not be known by Hiler at the time of sentencing.

31. Hiler does not have any pending challenge to his judgment, other than this § 2255 motion.

32. Scott Datten represented Hiler at arraignment.

33. Mark Rosenbaum represented Hiler at arraignment and plea.

34. Mark Rosenbaum represented Hiler at sentencing.

35. Hiler was not sentenced on more than one count of an

      indictment, or on more than one indictment, in the same court and at the same time.

36. Hiler does not have any future sentences to serve after he completes the sentence for the judgment that he is challenging.

37. This motion is timely as the original motion was brought within one year of judgment.

38. The factual basis for these claims is contained in the court record, including the pre-sentence report in this case, and other records, and is available for lodging whenever the Court requires that submission.

39. Hiler reserves the right to amend his petition, if, after consultation with Hiler's counsel or consultation with Hiler, or receipt of other evidence, it is determined there are additional grounds for relief.

**CONCLUSION**

Wherefore, Hiler requests the Court vacate and/or correct his sentence to remedy his trial counsel's ineffective assistance and requests an evidentiary hearing for the purpose of receiving testimony on the issue of ineffective assistance of counsel.

Dated at Anchorage, Alaska this <u>4th</u> day of <u>February</u>, 2008.

```
                              LIBBEY LAW OFFICES, LLC
                              Counsel for Joshua Hiler

                    By:   s/Colleen A. Libbey
                          Colleen A. Libbey ABA 0012104
                          604 West 2nd Ave.
                          Anchorage, AK 99501
                          Phone: (907) 258-1815
                          Fax: (907) 258-1822
                          clibbey@alaska.net
```

This is to certify that the foregoing
is being served electronically to:

Erin E. White

On: 2/4/2008 By: s/Colleen A. Libbey

N:\DATA\Colleen\CJA\USA V. Hiler\Pleadings\amended motion.wpd