NELSON P. COHEN
United States Attorney

ERIN E. WHITE
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: erin.white@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,            ) | No. 3:05-cr-00079-JKS |
| Respondent/Plaintiff,            ) | |
| vs.            ) | GOVERNMENT'S ANSWER TO AMENDED § 2255 MOTION |
| JOSHUA A. HILER,            ) | |
| Petitioner/Defendant.            ) | |

COMES NOW the United States of America, by and through undersigned counsel, and hereby responds to the Petitioner/Defendant's amended motion filed pursuant to 28 U.S.C. § 2255.  The United States Agrees with the procedural facts,

as set forth in the Amended § 2255 Motion, aside from the assertion that Petitioner/Defendant was denied the right to effective assistance of counsel at sentencing. For the reasons stated below, the Petitioner/Defendant's § 2255 Motion must be denied.

> **A.   Defense Counsel did not Improperly Fail to Object to Criminal History Items.**

1. The Petitioner argues that his trial attorney should have objected to the use of a 10/13/1999 juvenile offense. The Petitioner incorrectly states that there is no finding of guilt with respect to that offense. Paragraph 96 of the *Second Revised* Presentence Report provides that the defendant was "adjudicated delinquent" on 12/09/1999 and sentenced to a term of "probation." Rule 2 of the Alaska Delinquency Rules defines an "Adjudication Hearing" as a "proceeding, analogous to the trial in a criminal case, in which the court or a jury determines whether the juvenile is a delinquent minor as a result of the minor's violation of a criminal law of the state or a municipality." Rule 11(b) of the Alaska Delinquency Rules provides that "in order to support an adjudication of delinquency, the Department must prove the essential elements of the alleged crime beyond a reasonable doubt." An adjudication of delinquency is akin to a finding of guilt.

As such, it is appropriate to award this particular crime one point, in accordance with U.S.S.G. §§ 4A1.1(C) and 4A1.2(d)(2)(B). An objection to this particular point would have been without merit.

    2.    The Petitioner argues that the use of his reckless driving conviction was impermissible because it was a local ordinance violation and the term or imprisonment for the crime was less than thirty days.[1] In accordance with U.S.S.G. §§ 4A1.1(C) and 4A1.2(c)(1), the criminal history point noted for this conviction is valid. § 4A1.2(c)(1) specifically states that sentences for crimes such as "careless or reckless driving" are counted only if:

    (A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or

    (B) the prior offense was similar to an instant offense.

In this case, the defendant received three years of probation, in addition to the 20 days in jail. Therefore, it was appropriate for the PSR writer to credit one point for this offense. The Petitioner states that the crime cannot be counted because it was for a violation of a local ordinance, but he provides no legal support for that position. Application Note 3, regarding § 4A1.1(C), provides that only sentences

---

[1] In this case, the defendant received a sentence of 180 days in jail, with 160 days suspended; 30 day license revocation; 40 hours community service; and three years probation.

for a foreign conviction, a tribal court conviction, an expunged conviction, or an invalid conviction are not counted. The PSR writer appropriately credited one point for this offense, and an objection would have been without merit.

    3.    The Petitioner argues that his conviction for violation of conditions of release was impermissible because it was a local ordinance violation. § 4A1.2(c)(1) provides that local ordinance violations may be counted if the sentence was a term of probation of at least one year. In this case, the defendant was sentenced to a term of probation of five years. Further, § 4A1.2(c)(1) does not limit the counting of local ordinance violations for violations that are also criminal offenses under state law. "Violation of Condition of Release" is a state crime, in accordance with Alaska Statute § 11.56.757. An objection to 1 criminal history point for this crime would have been without merit.

    4.    The Petitioner argues that the two points credited for the juvenile conviction from 6/9/2000 for sexual assault in the second degree are improper, as he claims that a minimum sentence of 60 days had not been imposed. Paragraph 97 of the PSR indicates that on 1/22/2001, the Petitioner was committed for institutional placement in a juvenile facility for a period of time not to exceed 11/17/2001. Clearly, this is a sentence worth more than 60 days. The points

awarded for this offense are proper, in accordance with U.S.S.G. §§ 4A1.1(b) and 4A1.2(d)(2)(A).

5. The Petitioner argues that the use of 2 additional history points, based on a finding that the defendant was on probation at the time of the instant offense, should not have been credited. The Petitioner claims that, at the time of the instant offense, he was no longer on probation for the March 3, 2003, conviction, as that case resulted in probation termination in June of 2004. The Petitioner has not provided documents to support his claim, and, in any event, the defendant was placed on probation for a period of three years on 10/27/04 for his conviction of Reckless driving in 3AN-M04-2909 CR.[2]

**B. Defense Counsel did not Improperly Fail to Move for a Downward Departure.**

The Petitioner argues that defense counsel was ineffective in failing to move for a downward departure. In support of this claim, the Petitioner refers the Court to U.S.S.G. § 4A1.3(C). The Petitioner is correct in that factors, such as the Petitioner's youth, may have served as grounds for a downward departure argument. The Plea Agreement, however, specifically provided that neither the

---

[2] See Paragraph 101 of the PSR.

United States nor the Petitioner/Defendant would seek any upward or downward sentencing departures.[3] In exchange for the defendant's guilty plea to conspiracy to tamper with a witness, the United States agreed to dismiss five other charges set forth in the Indictment in this case. The parties also agreed to a 210 month sentence, though the estimated sentencing range was 188 - 235 months. As Section II of the Plea Agreement provided, a breach by the Petitioner/Defendant could have resulted in the reinstatement of any other charges arising out of the investigation into this matter. Further, the breach would have negated the agreed-upon sentence, which the United States Probation Office ultimately determined to be the low-end of the Petitioner/Defendant's sentencing range. Defense counsel did not move for a downward departure, as this would have been a breach of the negotiated agreement. A breach of the Plea Agreement could have, and likely would have, resulted in detrimental consequences for the defendant.

The Petitioner/Defendant argues that if his defense counsel was barred in any way from moving for a departure because of the plea agreement, then defense counsel was ineffective in failing to adequately move to withdraw the plea. This particular argument will be addressed in the following section.

---

[3] See Pages 6 and 11 of the Plea Agreement, filed on August 22, 2005.

## C. Defense Counsel did not Improperly Fail to Make a Motion to Withdraw the Defendant's Plea.

The Petitioner/Defendant argues that defense counsel was ineffective by failing to file a written motion to reconsider withdraw of the plea. Undersigned counsel has reviewed a recording of the sentencing hearing that took place on 6/19/2006.[4] During that hearing, defense counsel did make a verbal request to withdraw the defendant's plea. The Court initially indicated that the time for such a motion was past and that no basis for the motion existed. Later during the proceedings, the defense expressed a belief that the Court, at a previous hearing, had stated that the Petitioner/Defendant would have the option of making a motion to withdraw the plea at the 6/19/2006 sentencing hearing. The Court indicated that if that were true, the Court would consider such a motion if the defendant articulated a "fair and just reason" as a basis for the motion. In the Petitioner/Defendant's Amended § 2255 Motion, the Petitioner/Defendant does not articulate what the "fair and just reason" would be for the motion to withdraw the guilty plea. Without adequate explanation concerning the fair and just reason for the withdrawal of the plea, the Petitioner/Defendant has failed to sufficiently

---

[4] See the declaration of Special Assistant United States Attorney Erin E. White, attached hereto as an exhibit.

demonstrate ineffective assistance of counsel.

A review of the government's file and notes concerning the Petitioner/Defendant's change of plea hearing, which took place on 8/22/05, indicates that the Petitioner/Defendant entered his guilty plea voluntarily, noting that there were no threats or promises and that the Petitioner/Defendant was satisfied with his legal representation. The Petitioner/Defendant also received notice of the appropriate penalties and advisement concerning the rights that he waived as a result of his guilty plea. After having the factual basis for the count of conviction read on the record, the defendant freely and voluntarily entered a guilty plea.[5] The Petitioner/Defendant has offered no evidence to negate this finding and has failed to establish ineffective assistance of counsel.

## CONCLUSION

28 U.S.C. § 2255 provides that a defendant is entitled to have the Court vacate and/or correct his sentence only for the following reasons:

1) the judgment was rendered without jurisdiction;

2) the sentence imposed was not authorized by law or otherwise open to collateral attack; or

---

[5] See the government's "Rule 11 checklist," attached as an exhibit.

3) there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack.

In this case, the Petitioner/Defendant has failed to meet his burden. In particular, the Petitioner/Defendant has not offered adequate proof that he received ineffective assistance of counsel at his sentencing hearing. For all of the reasons

\\

\\

\\

\\

\\

\\

stated above, the Petitioner/Defendant's request for an evidentiary hearing and re-sentencing must be denied.

RESPECTFULLY SUBMITTED this 1st day of April, 2008, in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/ Erin E. White
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
(907) 271-5071
(907) 271-1500 (fax)
Email:erin.white@usdoj.gov

I declare under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on April 1, 2008, via:

(X) Electronic case filing notice

Colleen A. Libbey, Esq.

s/ Erin E. White
Office of the U.S. Attorney