Colleen A. Libbey
LIBBEY LAW OFFICES, LLC
604 W. Second Avenue
Anchorage, AK 99501
(907) 258-1815
(907) 258-1822 Fax
clibbey@alaska.net

Attorney for Defendant
JOSHUA HILER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| United States of America, )<br>)<br>    Respondent/Plaintiff, )<br>_____)<br>       v. )<br>)<br>JOSHUA A. HILER, )<br>)<br>    Petitioner/Defendant. )<br>_____) | **REPLY TO ANSWER TO**<br>**AMENDED § 2255 MOTION**<br><br><br><br>No. 3:05-CR-0079-JKS |

Comes now Petitioner/Defendant Joshua A. Hiler, by and through counsel, Colleen Libbey, Libbey Law Offices, LLC, and files this reply to the government's answer to Hiler's amended motion under 28 U.S.C. § 2255. For the following and the reasons in the amended petition, this Court should re-sentence Mr. Hiler based on proper criminal history points.

## I.  Claim 1: Ineffective for Failing to Object to Criminal History Items

The Presentence Report (hereafter PSR) recommended a sentence of 210 to 240 months based on a Criminal History

category of IV (8 points) and an offense level of 34. [2/8/2006 PSR at 20 ¶ 104] The Court sentenced Hiler to 210 months and adopted the PSR findings, except as stipulated by the parties.  If Mr. Hiler's trial counsel had properly objected to the PSR, Hiler would have received a lower history category. If the criminal history category was a level I, his sentence range would be 151-188 months.  If his history category is Level II (2 or 3 points), the range is 168-210. If it is category III (4,5,6 points), the range is 188-235. As explained below, even if some of the history points are valid, at most he would only be a Level II.  The Level IV category should not have been applied, and failure to challenge it was ineffective assistance.

1. **No Juvenile Offenses Should have Been Used to Increase Hiler's Criminal History Category**

The PSR included three points for two juvenile matters. [2/8/2006 PSR at 17 ¶¶ 96, 97] Both of these point increases were improper, for a number of reasons.

To begin, pursuant to statute, a prior juvenile adjudication in Alaska can not later be used against a defendant. AS 47.12.180 specifically precludes admission of juvenile adjudications in subsequent proceedings; it reads in pertinent part as follows:

>   (a)   Except as provided ... an adjudication

>       under this chapter upon the status of a minor
> ...
> (2) <u>does not</u> operate to permit a minor afterward <u>to be considered a criminal by the adjudication</u>; and
> (3) <u>does not</u> operate to permit the adjudication <u>to be afterward considered a conviction</u>,
> ...
> (b) The commitment and placement of a minor and evidence given in the court are <u>not admissible</u> as evidence against the minor in a subsequent case or proceedings **in any other court** . . . .

AS 47.12.180 (emphasis added). Because, by statute, a criminal adjudication cannot afterward be considered a conviction against the minor, or in any other way be used against that person, Mr. Hiler's juvenile record cannot be used to enhance his criminal history category. Trial counsel should have therefore objected to the use of any juvenile convictions.

### A. The 12/9/1999 Juvenile Sentence

Even ignoring the above statute precluding reliance on juvenile convictions, the 12/9/1999 juvenile sentence should not have resulted in a 1 point increase. With regard to the juvenile assault conviction the PSR added 1 point for a 12/9/1999 juvenile sentence. [2nd Revised PSR at 17] The government says the point increase is permissible because under Alaska law an adjudication of delinquency is a kin to a

"guilt" finding. [Dkt. 42 at 2-3] This 1999 incident results in Hiler being adjudicated delinquent and placed on probation. As noted above, the prior juvenile conviction cannot be used against Hiler as a matter of statute.

In addition, even if AS 47.12.180 does not apply, adjudicated delinquent is not a guilt finding for purposes of the sentencing guidelines. Under U.S.S.G. § 4A1.1(c) one point is added for each prior sentence not covered in 4A1.1(a) or (b). Under 4A1.2, a "prior sentence" is defined as any sentence previously "imposed upon adjudication of guilty, whether by guilty plea, trial, or plea of nolo contendere." The 12/9/99 sentence, case 3AN-99-472, indicates that Mr. Hiler was "adjudicated delinquent; probation." [2/8/06 PSR at 17] Under Alaska Criminal Rule 2, to be adjudicated delinquent means the court has determined that the juvenile is a delinquent minor. *See* Alaska Delinquency Rule 2(a). The fact finding of guilt occurs either via an "admit plea" or a "disposition hearing." Ak. Delinquency Rule 2(b), (g). The disposition hearing determines the "appropriate disposition" of a juvenile who has been adjudicated delinquent. Delinquency Rule 2(g), 11(e).

Nothing in the PSR indicates that there was a fact finding with regard to the 10/13/1999 assault charge, the PSR

just indicates the defendant was "given a directive to contact MYC." [2/8/06 PSR at 17, ¶ 96]  The PSR indicates that a 6/9/2000 incident for sexual assault, with the same case number, 3AN-99-472, resulted in a "guilty" finding and commitment for placement in a juvenile facility. [PSR at 17, ¶ 97] No such guilty finding is referenced with regard to the juvenile assault matter in Paragraph 96 of the PSR.  The government has the burden of proving all disputed factors at sentencing. *See U.S. v. Booker*, 125 S.Ct. 738 (2005).  The government has not provided proof that there was a guilt finding with regard to the juvenile assault incident.  Trial counsel should have objected to the use of this juvenile conviction, on that basis, as well as on Alaska Statute 47.12.180.

### B. The 7/21/2000 Juvenile Sentence

The PSR impermissibly relied on a juvenile conviction for sexual assault. [2/8/2006 PSR at 17, ¶ 97] As noted above, an Alaska juvenile conviction cannot later be used against the defendant.  *See* AS 47. 12, *supra*.

In addition, the juvenile sexual assault conviction cannot be used because pursuant to 4A1.2(d)(2)(A), a juvenile conviction may only be used for a 2 point increase where there is a "sentence to confinement of at least sixty days."  The

government argues that the PSR indicates that Petitioner was placed in a facility on 1/22/2001 for a period of time "not to exceed" 11/17/2001, and argues this is a sentence of more than 60 days. [Dkt. 42 at 4]The government overlooks 4A1.2(b), which provides that a sentence of imprisonment excludes any "suspended" portion of a sentence. There is no indication that the sentence was in excess of 60 days. A sentence "not to exceed" 11/17/2001 could include suspended time.  To that end, a defense objection to this 2 point increase would have merit.

### 2. The Probation Point Increase Was Improper

The PSR added two points based on finding that the defendant was on probation for the sentences of March 3,2003 at the time of the current offense. [2/8/2006 PSR at 20, ¶ 103] Hiler challenges this two point increase because he was no longer on probation for his sentences of March 3, 2003 on the date of this current offense.  The government responds that Hiler has not proven he was no longer on probation. [Dkt. 42 at 5] On the contrary, the PSR itself says that on 6/26/2004 a suspended imposition of sentence was granted–"SIS granted." [PSR at 18, Para. 99] In addition, the PSR says that the term of probation for the 3/23/2003 sentence was "one year probation." [2/8/2006 PSR at 18, Para. 99] If Hiler was only on probation for one year, his probation would have ended

3/23/2004, prior to the incident in this case. Therefore, the two point increase was improper.

The government responds that Hiler could still be subject to a two point increase because he was placed on probation for three years on 10/27/2004 for his conviction in 3AN-04-2909CR. [Dkt. 42 at 5] This argument must be rejected because the current offense occurred prior to 10/27/2004, the PSR indicates the offense conduct in the case occurred starting in August 2004. [2/8/2006 PSR at 2] Moreover, the Government cannot now rely on the probation in case 3AN-04-2909CR instead of the March 2003 sentence, 3AN-02-6932CR. Hiler did not have the opportunity to challenge a two point increase in the initial PSR based on the 04-2909CR case. As noted above, the government has the burden to prove all factual assertions in the PSR. *See Booker, supra*. And pursuant to Criminal Rule 32, the defendant has the right to make objections to the factual assertions. Fed. Crim. R. 32(f). Hiler did not have this opportunity with regard the government's assertion that case 3AN-04-2909CR forms the basis for a 2 point increase. The government failed to argue this at sentencing and as such, this argument should be waived by the government.

### 3. Hiler Should Have Been a Category II Criminal History

If the 12/9/1999 juvenile sentence and 7/21/2000 juvenile

sentence cannot be used, this reduces Hiler's criminal history category three points. If the 2 point increase for being on probation cannot be used this reduces Hiler's history a total of 5 points, changing his history from 8 points, Level IV, as indicated in the PSR to only 3 points, a Level II category. The range for level 2 is 168-210, as opposed to the range he was sentenced in for level IV of 210-240 months.

An attorney's performance is ineffective for purposes of federal constitutional law when he performs "below an objective standard of reasonableness." *Strickland*, 466 U.S. 668, 687-88 (1984). The applicant must show the trial counsel's conduct was "unreasonable under prevailing professional norms, and that the challenged action was not sound strategy." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). Second, the applicant must show the deficient representation creates a "reasonable probability" that, but for counsel's errors, the outcome would have been different. *Strickland*, 466 U.S. 694. Hiler's trial counsel was ineffective in failing to recognize the incorrect history category and therefore a re-sentencing is in order.

**II. CLAIMS 2 AND 3**

Hiler defers to his arguments in the opening pleading to support claims 2 and 3.

**III. CONCLUSION**

For the foregoing and the reasons in the amended petition, Hiler requests the Court vacate and/or correct his sentence to remedy his trial counsel's ineffective assistance.

Dated at Anchorage, Alaska this <u>16th</u> day of <u>June,</u> 2008.

                      LIBBEY LAW OFFICES, LLC
                      Counsel for Joshua Hiler

By: <u>s/Colleen A. Libbey</u>
     Colleen A. Libbey ABA 0012104
     604 West 2nd Ave.
     Anchorage, AK 99501
     Phone: (907) 258-1815
     Fax: (907) 258-1822
     clibbey@alaska.net

This is to certify that the foregoing
is being served electronically to:

Erin E. White

On: 6/16/2008 By: s/Colleen A. Libbey

N:\DATA\Colleen\CJA\USA V. Hiler\Pleadings\reply.wpd