IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff/Respondent,<br>vs.<br>JOSHUA A. HILER,<br>　　　　Petitioner/Defendant. | Case No. 3:05-cr-00079 JKS<br><br>ORDER |

　　　　Petitioner, a federal prisoner proceeding with the assistance of counsel, seeks to vacate, set-aside or correct his sentence pursuant to 28 U.S.C. § 2255. *See* Docket Nos. 35 (Amended mot.); 42 (Opp'n); 47 (Reply). He argues relief is due because his counsel rendered ineffective assistance at sentencing by: (1) failing to object to certain criminal history items; (2) failing to move for a downward departure; and (3) failing to file a motion to withdraw Petitioner's plea. Petitioner has asked for an evidentiary hearing on his ineffective assistance claims. Docket No. 35 at 7. As Petitioner's plea agreement was under Federal Rule of Criminal Procedure 11(c)(1)(C), and there appears to be no factual basis for withdrawal of that plea, Petitioner's current motion must be denied. Further, no evidentiary hearing is necessary as the record conclusively shows that Petitioner's arguments are meritless.

## BACKGROUND

　　　　In November 2004, Petitioner was named in a five-count indictment in Case No. 3:04-cr-00131, charging Petitioner with various controlled substance offenses, possession of a prohibited weapon, and witness tampering. Presentence Investigation Report as Revised by Order of the Court on June 19, 2006, (hereinafter "PSR") at ¶ 2. In August 2005, a new information, charging

Petitioner with conspiracy to tamper with a witness in violation of 18 U.S.C. § 1512(a)(1)(A), (k), was filed in conjunction with a plea agreement in this case. *See* Docket Nos. 1 and 2.

In the plea agreement, Petitioner agreed to plead guilty to witness tampering and the Government agreed to drop its prosecution of the offenses charged in 3:04-cr-00131. Docket No. 2 at 2. The Parties agreed pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a 210-month sentence was the appropriate disposition of the case. Docket No. 2 at 3. This was based in part upon an estimated total offense level of 34 and an estimated criminal history category of III, resulting in an estimated sentencing range of 188-235 months. *Id*. at 10. The plea agreement expressly recognized that the sentencing calculations were non-binding estimates, and that the Court could find the range to be higher or lower. *Id*. The Parties agreed that neither would seek an upward or downward departure and that they would be permitted to withdraw from the agreement if the Court declined to accept the agreed-upon sentence of 210 months. *Id*. at 11.

Petitioner appeared with counsel on August 22, 2005, and entered a plea of guilty in accord with the plea agreement. *See* Docket No. 48. During the plea colloquy, the Parties informed the Court that the Government had agreed to make certain non-binding recommendations in addition to what was written in the plea agreement. *Id*. at 21-22. Specifically, the Government had agreed to: (1) ask the Court at sentencing to recommend that Petitioner be allowed to participate in a Bureau of Prison ("BOP") drug treatment program; and (2) recommend to the State of Alaska that related state charges against Hiler be dismissed. *Id*. at 21. The Court carefully informed Petitioner that neither the Court nor the Government had control over the decisions of the State of Alaska or the BOP, and gave a brief recess to allow counsel to discuss these matters with Petitioner. *See id.* at 23-27. At the end of the plea colloquy the Court accepted Petitioner's plea, finding it supported by an independent basis in fact, and finding that Petitioner was competent and had knowingly, intelligently and voluntarily waived his rights. *Id*. at 31. The Court stated that it would have to commission and review a presentence report, but noted it was prepared to go forward with the stipulated 210-month sentence so long as "nothing jump[ed] out to indicate that the agreement [was] unreasonable." *Id*. at 31-32.

The presentence report was initially prepared September 28, 2005. PSR at 1. Informal discussions between the Parties and the Probation Service resulted in revisions in November 2005, and February 2006. *See* PSR at 1; Docket Nos. 8, 9, 48 at 35. The sentencing range calculated by the Probation Service remained higher than that estimated by the Government in the plea agreement and led to a recommendation of 240 months. The Government and Petitioner submitted lengthy sentencing memorandums arguing unresolved issues. *See* Docket Nos. 15, 16.

On May 8, 2006, the Court convened for the imposition of sentence. As Petitioner's sentencing memorandum had been filed only the day before, the Parties agreed to postpone sentencing until June 19, 2006. *See* Docket No. 17. The Court and Parties discussed Petitioner's sentencing memorandum at some length as the memorandum's discussion of the 18 U.S.C. § 3553 factors implied that Petitioner intended to ask for a sentence below the agreed 210 months, which would have first required withdrawing his plea. *See* Audio Recording for Courtroom No. 4 on May 8, 2006, beginning at Log No. 9:35:00. Counsel for Petitioner assured the Court that its arguments regarding the § 3553 factors related only to the reasonableness of the stipulated 210-month sentence in light of the Probation Service's recommendation of 240 months. *Id*. The Court then discussed its understanding of how the reasonableness determination would be made post-*Booker* if the stipulated sentence fell outside the guideline range. *Id*. The Court told the Parties that it intended to ask Petitioner at allocution to reaffirm that he understood his plea agreement was to a stipulated 210-month sentence pursuant to Rule 11(c)(1)(C). *See id.* beginning at Log No. 9:45:00. The Court made it clear to Hiler and the Prosecution that the Parties could only withdraw from the plea agreement if the Court rejected that agreement and determined to impose a sentence different from 210 months. The Court assured the Parties that it was not prepared to reject the plea agreement or the stipulated sentence. The Court was merely trying to help counsel narrow the issues -- if Petitioner did not intend to ask to withdraw his plea, the only argument would be over sanitization of the PSR in light of the impending classification by the BOP. *Id*.

On June 19, 2006, the Court heard final arguments regarding the PSR and imposed the agreed-upon sentence of 210 months. The Court adopted from the PSR a total offense level of

34 and a criminal history category of IV, resulting in a sentencing range of 210-262 months' incarceration. The Court found the sentence reasonable given the totality of the circumstances and the guideline range.

During the imposition of sentence hearing, Petitioner made an oral request to withdraw his plea on the basis that he was afraid the State of Alaska intended to impose a consecutive sentence rather than dismiss the charges as requested by the Government. *See* Docket No. 42 at 7; *see also* Audio Recording for Courtroom No. 4 on June 19, 2005, beginning at Log No. 10:05:53. The Court reminded Petitioner that he was informed at the change of plea hearing that neither the Court nor the Government had any control over how the State of Alaska would proceed on Hiler's related state case. *Id*. The Court accordingly denied the motion. *Id*. This motion was renewed later in the hearing, counsel arguing that the Court had indicated during the proceeding on May 8, 2006, that Petitioner would have the opportunity to withdraw his plea at the imposition of sentence hearing. *Id.* This was a mischaracterization of the record. Nevertheless, the Court told counsel that if the Court had so indicated it would consider a motion to withdraw the plea if Petitioner articulated a "fair and just reason" for the withdrawal. *Id*. No motion was ever filed.

In June 2007, Petitioner filed a motion pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. Docket No. 23. After being appointed counsel, an amended motion was filed in February 2008. Docket No. 35. The Government opposes the motion. Docket No. 42. Petitioner has replied. Docket No. 47.

## LEGAL STANDARD

A prisoner in federal custody "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A district court "must grant a hearing to determine the validity of a petition brought under that section, 'unless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255(b)). "The court may deny a hearing if the petitioner's allegations, viewed against the record, fail to state a claim for relief or are 'so palpably incredible

or patently frivolous as to warrant summary dismissal.'" *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996) (quoting *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985)).

## ANALYSIS

To prevail on his ineffective assistance claim, Petitioner must show that: (1) his attorney's performance was unreasonable under prevailing professional standards; and (2) there is a "reasonable probability that but for counsel's unprofessional errors, the result would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-91, 694 (1988). *Strickland* defines a reasonable probability as "a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

I - Failure to Object to Criminal History Items

Petitioner argues his trial counsel, Mr. Rosenbaum, was ineffective because he failed to object to several criminal history items. Docket Nos. 35 at 3-4; 47 at 1-8. Respondent contends that it would have been fruitless for Mr. Rosenbaum to object to the items at issue because the objections are meritless. Docket No. 45.

Hiler was sentenced to a stipulated sentence of 210 months pursuant to a plea agreement filed under Rule 11(c)(1)(C). Had counsel successfully objected to the criminal history items Petitioner would have been placed in criminal history category II instead of IV, reducing the guideline range from 210-265 months to 168-210 months. As the stipulated sentence of 210 months was pursuant to Rule 11(c)(1)(C), this alleged failure would not have changed the outcome and did not prejudice Petitioner. At sentencing, a plea agreement under Rule 11(c)(1)(C) provides the Court with only two options; accept or reject the agreed upon disposition. Had the guideline range been 168-210 months instead of 210-262 months, this Court would still have found the agreed upon sentence of 210 months reasonable and included that disposition in the judgment. As such, even if the Court assumes Mr. Rosenbaum's failure to challenge the criminal history items fell below the objective standard of reasonableness, Petitioner cannot show prejudice. In any event, it does not appear that the PSR criminal history determination was in error.

/////

II - Failure to Move for a Downward Departure

      Petitioner argues he was a good candidate for a downward departure pursuant to USSG § 4A1.3(c), and that Mr. Rosenbaum rendered ineffective assistance by failing to move for such a departure. Docket No. 35 at 5. This argument is completely without merit as the plea agreement required both Parties to refrain from requesting an upward or downward sentencing departure. *See* Docket No. 2 at 11. The only way Petitioner's argument here could have any traction is if Mr. Rosenbaum rendered ineffective assistance in failing to file a written motion requesting to withdraw Petitioner's guilty plea. As discussed infra, this omission was not ineffective assistance because Petitioner had no legitimate grounds for withdrawing his plea.

III - Failure to File Written Motion to Withdraw Plea

      Petitioner argues Mr. Rosenbaum was ineffective for failing to file a written motion to withdraw his plea. Docket No. 35 at 5-6. Petitioner has failed to provide the Court with any indication as to what his fair and just grounds for withdrawal of his plea would have been. *See* Docket Nos. 35, 47. Mere conclusory allegations are insufficient to state a claim for ineffective assistance of counsel and do not warrant an evidentiary hearing in a § 2255 proceeding. *Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989); *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).

      Further, having reviewed the full transcript of the change of plea hearing, the Court does not believe Petitioner had any fair or just reason for withdrawing his plea. At the imposition of sentence hearing, Petitioner wanted to withdraw his plea because he was afraid the State of Alaska intended to pursue a consecutive sentence contrary to the request made by the United States Attorney. Before entering his plea, Petitioner was fully informed that the State of Alaska was not bound by the recommendations of the Government or the Court. *See* Docket No. 48 at 23. Nor is it clear that Petitioner was sentenced to a consecutive sentence as he feared. In sum, Petitioner can neither show that Mr. Rosenbaum's performance fell below an objective standard of reasonableness, nor that Petitioner was thereby prejudiced.

/////
/////
/////

Accordingly, **IT IS THEREFORE ORDERED** that the motion to vacate, set aside or correct sentence at **Docket No. 23,** and amended motion at **Docket No. 35** is **DENIED**.

Dated this 4th day of September 2008.

                                                  /s/ James K. Singleton, Jr.
                                                  **JAMES K. SINGLETON, JR.**
                                                    United States District Judge